UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

    v.

CENTEX HOMES, et al.,

    Defendants.

_____/

No. C 12-0371 PJH

**ORDER GRANTING MOTION TO DISMISS; ORDER GRANTING MOTION TO STRIKE; ORDER DENYING MOTION FOR RULE 11 SANCTIONS**

Before the court is the motion of defendants Centex Homes ("Centex") and Newmeyer & Dillon, LLP ("Newmeyer"), for an order dismissing the first amended complaint ("FAC") filed by plaintiff Travelers Property Casualty Company of America ("Travelers"), for failure to state a claim and for lack of subject matter jurisdiction; motion for an order striking certain allegations in the FAC; and motion for an order awarding sanctions against Travelers and its counsel pursuant to Federal Rule of Civil Procedure 11. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions to dismiss, and DENIES the motion for Rule 11 sanctions.

1.     Motion to dismiss for failure to state a claim

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for

failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8.

Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary – the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). All allegations of material fact are taken as true. Id. at 94. However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations and quotations omitted). A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id., at 558-59. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679.

In actions alleging fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), the complaint must allege specific facts regarding the fraudulent activity, such as the time, date, place, and content of the alleged fraudulent representation, how or why the representation was false or misleading, and in some cases, the identity of the person engaged in the fraud. In re GlenFed Sec. Litig., 42 F.3d 1541, 1547-49 (9th Cir. 1994); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009).

The court finds that the FAC fails to plead fraud with particularity, and that it must therefore be dismissed for failure to state a claim. Travelers has alleged no facts supporting its claims of misrepresentations, other than in the most general terms. In

particular, Travelers has alleged no facts regarding the underlying actions, with the exception of the Kent action, which it concedes is not at issue in this case. It is not sufficient under Rule 9(b) to allege a "scheme to defraud," without providing the necessary details of the alleged fraud. See Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).

The dismissal is with leave to amend. Travelers must identify the "who, what, when, where, and how" of the alleged fraud – that is, it must identify the underlying actions in which it claims to have been overcharged by Centex and/or Newmeyer, and must state when the overbilling occurred, and the circumstances of the overbilling.

For similar reasons, the court finds that the breach of fiduciary duty claim must be dismissed, because it is premised on a claim that Newmeyer overbilled on unidentified claims, under unidentified circumstances. The dismissal is with leave to amend, to allege facts supporting the claim of alleged overbilling. The court does not now decide whether the claim can proceed in light of Newmeyer's argument that its interests were adverse to those of Travelers, and that it was not acting as counsel for Travelers. In the absence of a more definite statement of the claim, the court is unable to determine whether the claim is or is not viable.

The court finds that the cause of action for reimbursement must also be dismissed. Travelers has not alleged facts showing that it honored its duty to immediately defend any specific third-party action "in its entirety;" that it paid money to defend claims that were not even potentially covered under its policy; or that it reserved its right to seek reimbursement as to the defense of any specific underlying action. To the extent that Travelers can plead the claim in accordance with this standard, the dismissal is with leave to amend. Otherwise the dismissal is with prejudice.

2.     Motion to dismiss for lack of subject matter jurisdiction

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992). The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id.; see also Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods., Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).

The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Thus, in the present action, Travelers bears the burden of demonstrating that subject matter jurisdiction exists over this complaint. See, e.g., Tosco Corp. v. Communities for a Better Env't, 236 F.3d 495, 499 (9th Cir. 2001).

The court finds that the FAC does not allege facts sufficient to establish that the amount in controversy is met. Argument made in opposition to a motion to dismiss cannot serve to establish subject matter jurisdiction. Accordingly, the complaint is dismissed. The dismissal is with leave to amend, to plead the necessary jurisdictional facts.

3. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial . . . ." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quotation and citation omitted). In order to determine whether to grant a motion to strike under Rule 12(f), the court must determine whether the matter the moving party seeks to have stricken is (1) an insufficient defense; (2) redundant; (3) immaterial; (4) impertinent; or (5) scandalous. Id. at 973-74.

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico v. Sun Microsystem, Inc., 758 F.Supp. 1335, 1339 (N.D. Cal. 1991).

When a court considers a motion to strike, it "must view the pleading in a light most favorable to the pleading party." In re 2TheMart.com, Inc. Sec Lit., 114 F Supp. 2d 955, 965 (C.D. Cal. 2000). A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be relevant in the action. Id. However, a motion to strike is proper when a defense is insufficient as a matter of law. Chiron Corp. v. Abbot Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994)

The court finds that the allegations regarding the defense of the Kent action are immaterial to the present action, given Travelers' concession that it is seeking damages for the alleged misrepresentations and overbilling in the Kent action in another lawsuit filed in this district. Thus, any claims in this case must be resolved without reference to the claims asserted in connection with the defense of the Kent action, and must be stricken as immaterial.

### 4.  Motion for Rule 11 sanctions

"Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.'" Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990). The main purpose of Rule 11 is to "deter baseless filings and curb litigation abuses." Smith & Green Corp. v. Trustees of Constr. Indus. Laborers Health & Welfare Tr., 244 F.Supp. 2d 1098, 1103 (D. Nev. 2003); see also Rhinehart v. Stauffer, 638 F.2d 1169, 1171 (9th Cir. 1979).

Rule 11 is limited to "pleadings, written motions, and other papers" filed with the court. It does not apply to other litigation conduct. Christian v. Mattel, Inc., 286 F.3d 1118, 1131 (9th Cir. 2002). Where a complaint is the primary focus of Rule 11 proceedings,

> a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." As shorthand for this test, we use the word "frivolous" to denote a filing that is both baseless and made without a reasonable and competent inquiry.

Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005) (citations omitted).

Centex and Newmeyer argue that sanctions should be imposed on Travelers and its counsel under Rule 11 because the breach of fiduciary claim alleged in the FAC lacks a legal or evidentiary basis, and is therefore "frivolous," and because it was brought for the improper purpose of harassing opposing counsel.

The motion is DENIED. As the court cannot at this point tell whether there is any legal or factual basis for the breach of fiduciary duty claim, it cannot determine whether it is frivolous or whether Traveler's counsel conducted a reasonable or competent inquiry before filing it. As a general matter, however, the court notes that many many causes of action are dismissed from federal court cases for failure to state a claim, without the defendant finding it necessary to file a motion for Rule 11 sanctions.

5.  Conclusion

In accordance with the foregoing, the motion to dismiss is GRANTED, with leave to amend as stated. The allegations regarding the defense of the underlying <u>Kent</u> action are ordered STRICKEN from the complaint. No new causes of action or new defendants may be added without leave of court. The second amended complaint shall be filed no later than July 13, 2012. The June 20, 2012 hearing date is VACATED.

**IT IS SO ORDERED.**

Dated: June 15, 2012

PHYLLIS J. HAMILTON
United States District Judge