**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

11  TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

12              Plaintiff,                           No. C 12-0371 PJH

13      v.                                           **ORDER GRANTING MOTION TO**
                                                     **DISMISS IN PART AND DENYING**
14  CENTEX HOMES, et al.,                            **IT IN PART**

15              Defendants.

16  _____/

17          Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and

18  12(b)(1) to dismiss the third amended complaint ("TAC") came on for hearing before this

19  court on January 9, 2013.  Plaintiff Travelers Property Casualty Company of America

20  ("Travelers") appeared by its counsel Raymond Brown and defendants Centex Homes

21  ("Centex") and Newmeyer & Dillon, LLP ("Newmeyer") appeared by their counsel J. Kelby

22  Van Patten.  Having read the parties' papers and carefully considered their arguments and

23  the relevant legal authority, the court hereby DENIES the motion in part and GRANTS it in

24  part as follows for the reasons stated at the hearing.

25          Defendants seek dismissal of all three causes of action alleged in the TAC.  With the

26  exception of the reimbursement claim asserted against Newmeyer, the court finds that

27  disputed issues of fact preclude dismissal, and that the issues must be resolved either in a

28  motion on the merits of the claims, or at trial.  Accordingly, the motion to dismiss the

1  § 17200 claim against Centex and Newmeyer, the breach of fiduciary duty claim against

2  Newmeyer, and the reimbursement claim against Centex, is DENIED.

3         With regard to the reimbursement claim against Newmeyer, the court agrees that an

4  insurer is not authorized under Buss v. Superior Court, 16 Cal. 4th 35 (1997) to seek

5  reimbursement from a policyholder's attorney.  Travelers asserts that under California

6  Penal Code § 500(c)(4), it is allowed to recover restitution of any money it has overpaid as

7  a result of fraud on the part of its insured, and that for this reason, "the legal theory set forth

8  in the complaint is of no consequence."  The court is not persuaded, not least because

9  Penal Code § 500, which applies to "transmission of money to foreign countries," does not

10 include a subsection (c), and in any event does not appear applicable.   Accordingly, the

11 motion is GRANTED as to this claim.  The dismissal is with prejudice.

12

13 **IT IS SO ORDERED.**

14 Dated:  January 11, 2013

15 _____
   PHYLLIS J. HAMILTON
   United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    2