UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA,

    Plaintiff,

    v.

CENTEX HOMES, et al.,

    Defendants.

_____/

No. C 12-0371 PJH

**ORDER GRANTING MOTION TO DISMISS IN PART AND DENYING IT IN PART**

    Defendants' motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1) to dismiss the third amended complaint ("TAC") came on for hearing before this court on January 9, 2013. Plaintiff Travelers Property Casualty Company of America ("Travelers") appeared by its counsel Raymond Brown and defendants Centex Homes ("Centex") and Newmeyer & Dillon, LLP ("Newmeyer") appeared by their counsel J. Kelby Van Patten. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby DENIES the motion in part and GRANTS it in part as follows for the reasons stated at the hearing.

    Defendants seek dismissal of all three causes of action alleged in the TAC. With the exception of the reimbursement claim asserted against Newmeyer, the court finds that disputed issues of fact preclude dismissal, and that the issues must be resolved either in a motion on the merits of the claims, or at trial. Accordingly, the motion to dismiss the

§ 17200 claim against Centex and Newmeyer, the breach of fiduciary duty claim against Newmeyer, and the reimbursement claim against Centex, is DENIED.

With regard to the reimbursement claim against Newmeyer, the court agrees that an insurer is not authorized under Buss v. Superior Court, 16 Cal. 4th 35 (1997) to seek reimbursement from a policyholder's attorney.  Travelers asserts that under California Penal Code § 500(c)(4), it is allowed to recover restitution of any money it has overpaid as a result of fraud on the part of its insured, and that for this reason, "the legal theory set forth in the complaint is of no consequence."  The court is not persuaded, not least because Penal Code § 500, which applies to "transmission of money to foreign countries," does not include a subsection (c), and in any event does not appear applicable.  Accordingly, the motion is GRANTED as to this claim.  The dismissal is with prejudice.

**IT IS SO ORDERED.**

Dated:  January 11, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge