IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | Case No. 12-0371-SC |
| Plaintiff, | Related Cases: 11-3638-SC, 13-0088-SC |
| v. | ORDER RE: MOTIONS TO DISMISS, STRIKE AND AMEND |
| CENTEX HOMES, NEWMEYER & DILLION, RGL INC., RGL FORENSICS, and DOES 1 through 10 inclusive, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

## I.  INTRODUCTION

Insurer Travelers Property Casualty Company of America ("Travelers") brings this action against its insured Centex Homes ("Centex") and Centex's counsel, Newmeyer & Dillion, LLP ("Newmeyer") in connection with thirteen underlying construction defect actions Centex and Newmeyer tendered to Travelers for indemnity and defense, specifically the Adams, Adkins, Agles, Ahlberg, Akin, Allie, Balangue, Bradley, Briseno, Cooley, Garvey, Johnston, and Tapia actions.  ECF No. 76 (Third Amended Complaint ("3AC")).  Travelers asserts claims for violation of the California

United States District Court
For the Northern District of California

1   Unfair Competition Law, breach of fiduciary duty, and

2   reimbursement.   In response, Centex has asserted counterclaims

3   against Travelers for breach of contract, breach of the implied

4   covenant of good faith and fair dealing, and declaratory relief

5   relating to a number of the construction defect actions involved in

6   the 3AC, including the <u>Acupan</u>, <u>Adkins</u>, <u>Ahlberg</u>, <u>Briseno</u>, <u>Cooley</u>,

7   <u>Garvey</u>, <u>Johnston</u>, and <u>Tapia</u> actions.[1]   ECF No. 89 ("Countercl.").

8   Now before the Court are Travelers' motions to dismiss and strike

9   Centex's Counterclaim.   ECF Nos. 94 ("MTD"), 96 ("MTS").   Also

10  before the Court is Travelers' motion to file a fourth amended

11  complaint.   ECF No. 108 ("4AC Mot.").[2]   For the reasons set forth

12  below, these motions are GRANTED in part and DENIED in part.

13

14  **II.   <u>DISCUSSION</u>**

15       **A.   <u>Travelers' Motions to Dismiss and Strike</u>**

16       Travelers' motions to dismiss and strike are duplicative.   The

17  two motions relate to the same issues, raise the same arguments,

18  and essentially seek the same relief.   For the most part, the text

19  of both motions is identical.   Ironically, Travelers' Rule 12(f)

20  motion to strike is predicated in part on the argument that

21  Centex's counterclaim is redundant.   At times, Travelers moves to

22  strike when it should only be moving to dismiss and vice versa.

23  The Court does its best to apply the appropriate standard to

24  ───────────────

25  [1] Travelers and Centex also asserted claims and counterclaims in
    connection with the <u>Spicer</u> action.   On April 9, 2013, the parties

26  stipulated to dismiss their claims and counterclaims to the extent
    they are predicated on the <u>Spicer</u> action.   ECF No. 119 ("Apr. 9
    Stip.").

27
    [2] All three motions are fully briefed.   ECF Nos. 101 ("Opp'n to

28  MTD/MTS"), 103 ("Reply ISO MTD/MTS"), 116 ("Opp'n to 4AC Mot."),
    120 ("Reply ISO 4AC Mot.").

**United States District Court**
For the Northern District of California

1   Travelers' various arguments.  The Court urges Travelers to refrain

2   from filing duplicative motions in the future, especially

3   duplicative motions to strike, which are generally disfavored.

4       **i.   Legal standard**

5       A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency

6   of a claim."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

7   "Dismissal can be based on the lack of a cognizable legal theory or

8   the absence of sufficient facts alleged under a cognizable legal

9   theory."  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

10  (9th Cir. 1988).  "When there are well-pleaded factual allegations,

11  a court should assume their veracity and then determine whether

12  they plausibly give rise to an entitlement to relief."  Ashcroft v.

13  Iqbal, 556 U.S. 662, 664 (2009).  However, "the tenet that a court

14  must accept as true all of the allegations contained in a complaint

15  is inapplicable to legal conclusions.  Threadbare recitals of the

16  elements of a cause of action, supported by mere conclusory

17  statements, do not suffice."  Id. at 663 (citing Bell Atl. Corp. v.

18  Twombly, 550 U.S. 544, 555 (2007)).  The allegations made in a

19  complaint must be both "sufficiently detailed to give fair notice

20  to the opposing party of the nature of the claim so that the party

21  may effectively defend against it" and "sufficiently plausible"

22  such that "it is not unfair to require the opposing party to be

23  subjected to the expense of discovery."  Starr v. Baca, 633 F.3d

24  1191, 1204 (9th Cir. 2011).

25      Pursuant to Federal Rule of Civil Procedure 12(f), the Court

26  may strike from a pleading "any redundant, immaterial, impertinent,

27  or scandalous matter."  "The purposes of a Rule 12(f) motion is to

28  avoid spending time and money litigating spurious issues."  Barnes

3

v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010).  "While a Rule 12(f) motion provides the means to excise improper materials from pleadings, such motions are generally disfavored because the motions may be used as delaying tactics and because of the strong policy favoring resolution on the merits."  Id.

### ii.  The Adkins and Garvey actions

Travelers moves to dismiss Centex's Counterclaim to the extent that is based on the Adkins and Garvey actions on the ground that Centex's claims are duplicative of claims raised in earlier-filed actions between the parties, specifically Travelers v. Centex, Case No. 11-3638-SC (N.D. Cal.) ("Travelers v. Centex II"), and Travelers v. Centex, 12-00496-VAP (C.D. Cal.) ("Travelers v. Centex IV").[3],[4]  Travelers v. Centex II is currently pending before the undersigned and has been related to the instant action, and Travelers v. Centex IV was pending before Judge Phillips in the Central District of California.  On April 30, 2013, the parties stipulated to the dismissal with prejudice of their claims and counterclaims in Travelers v. Centex IV, and Judge Phillips approved the stipulation the following day.

Centex acknowledges that its counterclaims are duplicative with respect to the Adkins and Garvey actions.  MTD/MTS Opp'n at 8.  However, Centex argues that Travelers' Adkins- and Garvey-related

---

[3] Travelers also argues that Centex's allegations relating to the Spicer action are duplicative of Travelers v. Centex II and Travelers v. Centex IV.  In light of the parties' April 9 Stipulation, this issue is now moot.

[4] Travelers has filed at least seven separate actions against Centex in California courts, all of them relating to disputes over coverage for various underlying construction defect actions.

**United States District Court**
For the Northern District of California

1   claims are also duplicative.  Id.  As such, Centex reasons that the

2   fairest solution would be either to dismiss the duplicative claims

3   of both parties or to stay both parties' duplicative claims.  Id.

4       As Travelers points out, Centex raised an almost identical

5   argument when it moved to dismiss Travelers' claims on October 26,

6   2012.  See ECF No. 79 at 8-9.  Judge Hamilton, who was previously

7   assigned to this case, apparently rejected the argument, as she

8   denied Centex's motion and found that "disputed issues of fact

9   preclude[d] dismissal."  ECF No. 87.  The law of the case doctrine

10  precludes the Court from reopening previously decided issues.

11  While Judge Hamilton's order did not directly address Centex's

12  arguments regarding duplication, "[t]he law of the case applies to

13  issues decided explicitly or by necessary implication in [a]

14  court's previous disposition."  Leslie Salt Co. v. United States,

15  55 F.3d 1388, 1393 (9th Cir. 1995) (quotations omitted).  "The law

16  of the case turns on whether a court previously decide[d] upon a

17  rule of law . . . not on whether, or how well, it explained the

18  decision."  Christianson v. Colt Indus. Operating Corp., 486 U.S.

19  800, 817 (1988) (quotations omitted).  In denying Centex's motion

20  to dismiss, Judge Hamilton necessarily reached a decision on

21  Centex's argument regarding duplicative suits.

22       In any event, contrary to Centex's argument, dismissing

23  Centex's counterclaims regarding the Adkins and Garvey actions

24  while retaining Travelers' Adkins- and Garvey-related claims will

25  not lead to inequitable results.  Centex may still pursue identical

26  Adkins and Garvey related counterclaims in Travelers v. Centex II,

27  which is currently pending before the undersigned.  The fact that

28  Centex may only pursue these counterclaims in one action -- as

opposed to two -- will not prejudice them in any way.  Even if all of Travelers' Adkins and Garvey related claims do arise from the same transaction or occurrence, Travelers is asserting different causes of action in its actions against Centex.  Further, since the only two remaining active cases concerning the Adkins and Garvey actions are both pending before the undersigned, the chance of inconsistent rulings is minimal.

For these reasons, the Court GRANTS Travelers' motion to dismiss with respect to the aspects of Centex's Counterclaim which relate to the Adkins and Garvey actions.

### iii. The Acupan action

Travelers next moves to dismiss and strike all references to the Acupan action from Centex's Counterclaim.  MTD at 9, MTS at 10. Specifically, Travelers targets a portion of paragraph 115a of the Counterclaim, which states that Travelers waited 446 days to respond to Centex's tender of the Acupan action.  Travelers contends that this reference is irrelevant, since Centex requests no relief in connection with the Acupan action.  MTS at 10.  Centex responds that its allegations concerning the Acupan action support its claim that Travelers has a pattern and practice of failing to immediately defend its insured.  Opp'n to MTD/MTS at 17 n.7.

As Centex's reference to the Acupan action does not undermine the plausibility of its Counterclaim, Travelers' motion to dismiss this reference lacks merit.  The Court reaches a different conclusion with respect to Travelers' motion to strike.  Travelers' conduct with respect to the Acupan action is immaterial to the instant dispute.  If Centex wishes to show that Travelers has a pattern or practice of failing to timely respond to the tender of

**United States District Court**
For the Northern District of California

construction defect actions, then Centex may attempt to draw from the numerous other construction defect actions that are actually at issue in this case. Accordingly, the Court strikes Centex's reference to the Acupan action.

### iv. The Ahlberg, Briseno, Cooley, Johnston, and Tapia actions

Travelers also moves to dismiss Centex's Counterclaim to the extent that it is predicated on the Ahlberg, Briseno, Cooley, Johnston, and Tapia actions. After being sued by homeowners in these underlying actions, Centex filed cross-complaints in each action asserting claims for breach of written, oral, and implied contract; equitable indemnity; contribution and repayment; and declaratory relief. ECF No. 97 ("MTD/MTS RJN") Exs. F–J. In these state court actions, Centex seeks a declaration regarding the appropriate allocation of Centex's defense fees, as well as its right to independent counsel. Id. After filing these cross-complaints in state court, Centex filed the Counterclaim at issue here. Travelers contends that Centex's Counterclaim should be dismissed because it is duplicative of the state court cross-complaints.

Centex does not dispute that its Counterclaim is redundant with respect to the Ahlberg, Briseno, Cooley, Johnston, and Tapia actions. See Opp'n to MTD/MTS at 8. However, it argues that these aspects of the Counterclaim should not be dismissed because they are compulsory. Federal Rule of Civil Procedure 13(a) provides that a counterclaim is compulsory if it (1) "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," and (2) "does not require adding another

**United States District Court**
For the Northern District of California

party over whom the court cannot acquire jurisdiction." These
criteria appear to be met here. However, Rule 13 also provides
that a counterclaim is not compulsory if "when the action was
commenced, the claim was the subject of another pending action."
Fed. R. Civ. P. 13(a)(2)(A). Centex argues that "it remains an
open question whether this exception applies in this circumstance,"
since its state court cross-complaints are limited to declaratory
relief while its Counterclaim in this action seeks damages for
breach of contract and bad faith. Opp'n to MTD/MTS at 8.
Travelers does not address this argument other than to suggest that
Centex may amend its cross-complaints in the underlying actions to
add additional claims. Reply ISO MTD/MTS at 6.

Centex also argues that the Court should either dismiss both
parties' duplicative claims regarding the <u>Ahlberg</u>, <u>Briseno</u>, <u>Cooley</u>,
<u>Johnston</u>, and <u>Tapia</u> actions or stay this action, pending resolution
of the earlier filed actions. Opp'n to MTD/MTS at 8. Centex
contends that, under <u>Adams v. California Department of Health
Services</u>, 487 F.3d 684, 688 (9th Cir. 2007), Travelers may not
maintain separate actions involving the same subject matter at the
same time in the same court. <u>Id.</u> However, since the <u>Ahlberg</u>,
<u>Briseno</u>, <u>Cooley</u>, <u>Johnston</u>, and <u>Tapia</u> actions are pending before a
state court, <u>Adams</u> is clearly inapposite here. The appropriate
standard for dealing with parallel state and federal actions was
enunciated by the Supreme Court in <u>Colorado River Water
Conservation District v. United States</u>, 424 U.S. 800, 813 (1976).

Under <u>Colorado River</u>, courts consider eight factors when
determining whether to dismiss or stay a parallel federal
proceeding:

**United States District Court**
For the Northern District of California

(1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

R.R. St. & Co. Inc. v. Transp. Ins. Co., 656 F.3d 966, 978-79 (9th Cir. 2011). Determination of whether to stay or dismiss a parallel federal action does not rest on a mechanical checklist, but on careful balancing of the important factors relevant to the decision as they apply in a given case, which may vary from case to case. Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 16 (1983).

The Court finds that the Colorado River factors favor staying Centex's Counterclaim as it relates to the Ahlberg, Briseno, Cooley, Johnston, and Tapia actions while allowing Travelers' claims to proceed as to those actions. The two most important factors in this case are the desire to avoid piecemeal litigation, and the order in which the forums obtained jurisdiction.

Centex's Counterclaim creates more than the mere possibility of piecemeal litigation. The Counterclaim raises issues identical to those currently pending before the state court. While Centex may be seeking additional remedies in federal court, both this court and the state courts presiding over the Ahlberg, Briseno, Cooley, Johnston, and Tapia actions will need to address the same legal and factual issues. On the other hand, Travelers' claims present a much more limited possibility of piecemeal litigation.

**United States District Court**
For the Northern District of California

Most of the issues in the <u>Ahlberg</u>, <u>Briseno</u>, <u>Cooley</u>, <u>Johnston</u>, and <u>Tapia</u> cross-complaints -- whether Travelers owes Centex a duty to defend and indemnify and whether it actually breached those duties -- are irrelevant to the instant action. Accordingly, the state court's adjudication of these cross-complaints is unlikely to result in inconsistent rulings.

Further, Centex's cross-complaints in the underlying state actions were filed long before Centex filed its counterclaim in this action on January 23, 2013. The <u>Ahlberg</u>, <u>Briseno</u>, <u>Cooley</u>, <u>Johnston</u>, and <u>Tapia</u> cross-complaints were filed on June 4, 2012, March 12, 2012, September 10, 2012, and May 15, 2012, respectively. RJN Exs. G-J. In contrast, Travelers filed the instant action on January 24, 2012, well before Centex filed the cross-complaints in the underlying actions. <u>See</u> ECF No. 1.

The Court finds that the most efficient and equitable remedy is to stay Centex's Counterclaim to the extent that it is predicated on the <u>Ahlberg</u>, <u>Briseno</u>, <u>Cooley</u>, <u>Johnston</u>, and <u>Tapia</u> actions pending the resolution of Centex's cross-complaints in those actions. Travelers' claims with respect to these actions may proceed.

### v.   The Fair Claims Settlement Practices Act

In its Counterclaim, Centex alleges that Travelers violated the California Fair Claims Settlement Practices Act, Cal. Code Regs. tit. 10, § 2695 <u>et seq.</u>, by failing to respond to Centex's tenders within forty calendar days. Travelers moves to dismiss and strike these claims on a number of grounds. First, Travelers argues that violation of the Act cannot support a private right of action. MTD at 16. Centex concedes this point and does not oppose

**United States District Court**
For the Northern District of California

1   the Court striking paragraphs of the Counterclaim that indicate

2   that Centex is asserting an independent cause of action for

3   violation of the Act.  Opp'n to MTD/MTS at 16.  Accordingly, the

4   Court strikes paragraphs 123(b), 125(b), 131(b), 133(b), 135(b),

5   137(b), 139(b), 141(b), 143(b), 145(b), 149(b), 151(b), 155(b),

6   157(b), 161(b), 163(b), and 165(b).

7        Travelers argues that the remaining references should also be

8   struck because they do not support Centex's claims for bad faith or

9   breach.  The provisions of the Act cited by Centex provide: "Upon

10  receiving proof of claim, every insurer . . . shall immediately,

11  but in no event more than forty (40) calendar days later, accept or

12  deny the claim, in whole or in part."  Cal. Code Regs. tit. 10, §

13  2695.7(b).  Centex contends that these provisions apply because its

14  tender of the underlying construction defect actions constituted a

15  proof of claim.  Travelers argues that Centex submitted a "notice

16  of legal action," not a "proof of claim," and thus the forty-day

17  requirement is inapplicable here.

18       The provisions of the Act define "proof of claim" as "any

19  evidence or documentation in the possession of the insurer, whether

20  as a result of its having been submitted by the claimant or

21  obtained by the insurer in the course of its investigation, that

22  provides any evidence of the claim and that reasonably supports the

23  magnitude or the amount of the claimed loss."  Id. § 2695.2(s).

24  The regulations define "notice of legal action" as "notice of an

25  action commenced against the insurer with respect to a claim, or

26  notice of action against the insured received by the insurer, or

27  notice of action against the principal under a bond, and includes

28  any arbitration proceeding."  Id. § 2695.2(o).  The regulations

11

require insurers to respond to communications regarding claims within certain time periods, but they relieve insurers from those requirements where a notice of legal action is involved. Id. § 2695.5(b), (e).

Centex's reading of the statute is not convincing. Under its interpretation, the tender of an action constitutes evidence that "reasonably supports the magnitude or amount of the claimed loss." However, at the time of the tender, the amount of the claimed loss is generally unknown. The insured cannot possibly predict whether the plaintiff in the underlying action will prevail, and, in any event, the insured's position is generally that the plaintiff's claims lack merit.

That being said, Travelers' motion to strike is far too broad. Travelers asks the Court to strike a number of allegations that concern the timeliness of Travelers' response to Centex's tenders but do not expressly reference the Fair Claims Settlement Practices Act. Regardless of whether the provisions of the Act apply, Travelers owed Centex an "immediate" duty to defend all claims that were potentially covered under Travelers' policies. Montrose Chem. Corp. v. Sup. Ct., 6 Cal. 4th 287, 295 (Cal. 1993). At this stage and in this posture, it would be inappropriate to determine whether Travelers breached its duty to provide an immediate defense and to determine whether this alleged breach supports a finding of bad faith. Striking the other paragraphs targeted by Travelers could potentially divest Centex of the right to conduct discovery on this issue.

Accordingly, the Court dismisses Centex's Counterclaim to the extent that it asserts an independent cause of action for violation

**United States District Court**
For the Northern District of California

1    of the Fair Claims Settlement Practices Act.  The Court also

2    dismisses Centex's counterclaim to the extent that it asserts that

3    a violation of the Act constitutes evidence of bad faith or

4    resulted in Travelers' forfeiture of its right to control Centex's

5    defense.  Travelers motion to strike is granted, but only with

6    respect to paragraphs 123(b), 125(b), 131(b), 133(b), 135(b),

7    137(b), 139(b), 141(b), 143(b), 145(b), 149(b), 151(b), 155(b),

8    157(b), 161(b), 163(b), and 165(b).

9         **B.    <u>Motion for Leave to Amend</u>**

10        Travelers moves to file a fourth amended counterclaim.  The

11   amended complaint would (1) name RGL Forensics, Inc. ("RGL") as a

12   defendant as to all existing causes of action, and (2) add fourth

13   and fifth causes of action fraud and accounting against all

14   defendants, including RGL.  MTA at 1.  As part of its fraud claims,

15   Travelers asserts that Centex and Newmeyer misrepresented

16   Newmeyer's hourly rates.  Specifically, Centex and Newmeyer

17   allegedly reached a secret deal whereby Newmeyer would initially

18   bill Centex at $225 per hour for attorney time, but then charge a

19   higher rate once Centex's insurers, including Travelers, agreed to

20   contribute to Centex's legal defense in the underlying actions.

21   Travelers allegedly learned of this agreement at a deposition held

22   on May 11, 2011.

23        The Court's decision to permit the amendment of a pleading is

24   governed by Federal Rule of Civil Procedure 15.  Rule 15(a)(1)

25   allows a party to amend its pleading as a matter of course in a

26   number of circumstances, none of which apply here.  "In all other

27   cases, a party may amend its pleading with the opposing party's

28   written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).

United States District Court
For the Northern District of California

1   Leave to amend should be freely given when justice so requires,

2   id., and the general rule is that amendment is permitted unless the

3   opposing party can show undue delay, bad faith, undue prejudice, or

4   futility of amendment, SAES Getters S.p.A. v. Aeronex, Inc., 219 F.

5   Supp. 2d 1081, 1086 (S.D. Cal. 2002).

6       Centex opposes the proposed amendment on a number of grounds.

7   First, Centex argues that Travelers seeks to include allegations

8   relating to the Kent action that the Court already struck from an

9   earlier pleading.  As Centex points out, Travelers does not seek

10  any relief based upon Centex's tender of the Kent action.  Second,

11  Centex argues that Travelers could not have reasonably relied on

12  its alleged misrepresentations concerning Newmeyer's hourly rates

13  since Travelers continued to pay those rates after it learned of

14  the scheme on May 11, 2011.  Third, Centex contends that Travelers

15  proposed fourth amended complaint includes allegations regarding

16  the Spicer action, even though the parties have since stipulated to

17  the dismissal of all claims predicated on that action.

18      The Court agrees that many of the allegations in the proposed

19  4AC constitute futile amendments.  Judge Hamilton previously struck

20  allegations related to the Kent action from Travelers' first

21  amended complaint.  ECF No. 53.  Further, in a concurrently filed

22  Order issued in a related case, the undersigned also struck

23  Travelers' Kent allegations.  See Case No. 13-0088.  The Court sees

24  no reason to reach a different result here.  Accordingly,

25  Travelers' 4AC shall not contain allegations related to the Kent

26  action.

27      Certain aspects of Travelers' fraud claims also lack merit.

28  As explained in a concurrently filed Order in Case No. 13-0088,

14

**United States District Court**
For the Northern District of California

1  Centex cannot possibly state a clam for fraud based on allegations

2  that it was overbilled for attorney time after May 11, 2011.

3  Travelers argues that such challenges to the pleading should be

4  deferred until after the pleading has been amended.  Reply ISO 4AC

5  at 4.  In most cases, the Court would be inclined to agree.  But

6  here, Travelers is essentially asserting the same fraud claims

7  against the same Defendants in two different actions.  Since those

8  fraud claims fail in the other action, they fail here.

9      With respect to Centex's argument that the parties have

10  stipulated to the dismissal of all claims related to the <u>Spicer</u>

11  action, Travelers argues that the Court is required to accept its

12  allegations as true and that Centex's claims regarding an alleged

13  settlement must be ignored.  This argument borders on the

14  frivolous.  Centex is not challenging the validity of Travelers'

15  factual allegations.  Rather, Centex is pointing out that the

16  parties have settled all claims related to the <u>Spicer</u> action.  The

17  Court takes judicial notice of the fact that it approved this

18  settlement on April 10, 2013.  It remains unclear why Travelers is

19  intent on litigating issues that have already been resolved.

20      The Court also notes that many of Travelers' new claims

21  against RGL are contrary to the court's concurrently filed decision

22  in Case Number 13-0088.  In that decision, the Court dismissed with

23  prejudice Travelers' claims for breach of fiduciary duty and

24  reimbursement as to RGL.  The same reasoning would apply in the

25  instant action.

26      Accordingly, the Court GRANTS in part and DENIES in part

27  Travelers motion for leave to amend.  As set forth in more detail

28  in Section V <u>infra</u>, Travelers shall file an amended complaint

1  consistent with the guidance set forth in this order.

2

3  **V.**  __CONCLUSION__

4      For the foregoing reasons, the Court GRANTS in part and DENIES

5  in part Travelers motions to dismiss and strike Centex's

6  Counterclaim.

7  • Centex's Counterclaim is dismissed to the extent that it is

8    predicated on the Adkins and Garvey actions.

9  • The Court strikes all references to the Acupan action from

10   Centex's Counterclaim.

11  • The Court declines to strike or dismiss Centex's counterclaim

12    to the extent it is predicated on the Ahlberg, Briesno,

13    Cooley, Johnston, and Tapia actions.  However, the Court does

14    stay its adjudication of Centex's Counterclaim as to the

15    Ahlberg, Briesno, Cooley, Johnston, and Tapia actions pending

16    the resolution of Centex's cross-complaints in those actions.

17  • The Court DISMISSES Centex's Counterclaim to the extent that

18    it asserts an independent cause of action for violation of the

19    Fair Claims Settlement Practices Act and to the extent that it

20    asserts that a violation of the Act constitutes evidence of

21    bad faith or resulted in Travelers' forfeiture of its right to

22    control Centex's defense.

23  • The Court also strikes paragraphs 123(b), 125(b), 131(b),

24    133(b), 135(b), 137(b), 139(b), 141(b), 143(b), 145(b),

25    149(b), 151(b), 155(b), 157(b), 161(b), 163(b), and 165(b) of

26    Centex's Counterclaim.

27  Travelers' motion for leave to file a fourth amended complaint is

28  GRANTED in part and DENIED in part.  Travelers shall file an

United States District Court
For the Northern District of California

amended complaint within thirty (30) days of the signature date of this Order.   The amended complaint shall be consistent with the guidance set forth in this Order and the concurrently filed order in Case Number 13-0088-SC.

IT IS SO ORDERED.

Dated: May 30, 2013



UNITED STATES DISTRICT JUDGE